IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR LOPEZ,                               No. C-10-5799 TEH (PR)

        Plaintiff,

    v.                                      ORDER OF SERVICE

LUZ F. NARES, et. al.,

        Defendants.
                                     /

        Plaintiff, a former California state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that several correctional officers at California Training Facility-North ("CTF") in Soledad, California, were deliberately indifferent to his serious medical needs while he was imprisoned at that facility.  The action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or

officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
The court must identify cognizable claims or dismiss the complaint,
or any portion of the complaint, if the complaint "is frivolous,
malicious, or fails to state a claim upon which relief may be
granted," or "seeks monetary relief from a defendant who is immune
from such relief."  Id. § 1915A(b).  Pleadings filed by pro se
litigants, however, must be liberally construed.  Hebbe v. Pliler,
627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police
Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege two essential elements:  (1) that a right secured by the
Constitution or laws of the United States was violated, and (2) that
the alleged violation was committed by a person acting under the
color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical
needs violates the Eighth Amendment's proscription against cruel and
unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).
"Dental care is one of the most important medical needs" of
prisoners.  See Hunt v. Dental Dep't., 865 F.2d 198, 200 (9th Cir.
1989) (citation omitted).  A determination of "deliberate
indifference" to a prisoner's serious medical needs involves an
examination of two elements:  the seriousness of the prisoner's
medical need and the nature of the defendant's response to that
need.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A claim of negligence, however, is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a

1 medical condition, without more, does not violate a prisoner's
2 Eighth Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th
3 Cir. 1990) (repeatedly failing to satisfy requests for aspirins and
4 antacids to alleviate headaches, nausea and pains is not
5 constitutional violation; isolated occurrences of neglect may
6 constitute grounds for medical malpractice but do not rise to level
7 of unnecessary and wanton infliction of pain); Anthony v. Dowdle,
8 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated
9 where prison warden and work supervisor failed to provide prompt and
10 sufficient medical care). A contention that a correctional officer
11 ignored the instructions of a prisoner's treating physician is
12 sufficient to state a claim, however. See Wakefield v. Thompson,
13 177 F.3d 1160, 1165 & n.6 (9th Cir. 1999).
14        Liberally construed, Plaintiff's allegations of deliberate
15 indifference to his serious medical needs appear to state a
16 cognizable 42 U.S.C. § 1983 claim and the Defendants named below
17 will be served.

                                II

20        For the foregoing reasons and for good cause shown:
21        1. The Clerk shall issue summons and the United States
22 Marshal shall serve, without prepayment of fees, copies of the
23 Complaint in this matter, all attachments thereto, and copies of
24 this Order on the following CTF employees: (1) CTF Dentist Luz F.
25 Nares; (2) CTF Chief Dental Officer K. B. Sather; (3) CTF Acting
26 Chief Medical Officer S. Martinez; (4) CTF Supervising D.D.S. J.

1   **Novial and (5) California Prison Health Care Services Chief of Third**
2   **Level Health Care Appeals J. Walker**.  The Clerk also shall serve a
3   copy of this Order on Plaintiff.
4              2.   To expedite the resolution of this case, the Court
5   orders as follows:
6              a.   No later than ninety (90) days from the date of
7   this Order, Defendants shall file a motion for summary judgment or
8   other dispositive motion.  A motion for summary judgment shall be
9   supported by adequate factual documentation and shall conform in all
10  respects to Federal Rule of Civil Procedure 56, and shall include as
11  exhibits all records and incident reports stemming from the events
12  at issue.  If Defendants are of the opinion that this case cannot be
13  resolved by summary judgment or other dispositive motion, they shall
14  so inform the Court prior to the date their motion is due.  All
15  papers filed with the Court shall be served promptly on Plaintiff.
16             b.   Plaintiff's opposition to the dispositive motion
17  shall be filed with the Court and served upon Defendants no later
18  than thirty (30) days after Defendants serve Plaintiff with the
19  motion.
20             c.   Plaintiff is advised that a motion for summary
21  judgment under Rule 56 of the Federal Rules of Civil Procedure will,
22  if granted, end your case.  Rule 56 tells you what you must do in
23  order to oppose a motion for summary judgment. Generally, summary
24  judgment must be granted when there is no genuine issue of material
25  fact - that is, if there is no real dispute about any fact that
26  would affect the result of your case, the party who asked for

5

1  summary judgment is entitled to judgment as a matter of law, which
2  will end your case.  When a party you are suing makes a motion for
3  summary judgment that is properly supported by declarations (or
4  other sworn testimony), you cannot simply rely on what your
5  complaint says.  Instead, you must set out specific facts in
6  declarations, depositions, answers to interrogatories, or
7  authenticated documents, as provided in Rule 56(e), that contradicts
8  the facts shown in the Defendants' declarations and documents and
9  show that there is a genuine issue of material fact for trial.  If
10 you do not submit your own evidence in opposition, summary judgment,
11 if appropriate, may be entered against you.  If summary judgment is
12 granted, your case will be dismissed and there will be no trial.
13 <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc)
14 (App. A).
15         Plaintiff also is advised that a motion to dismiss for
16 failure to exhaust administrative remedies under 42 U.S.C. §
17 1997e(a) will, if granted, end your case, albeit without prejudice.
18 You must "develop a record" and present it in your opposition in
19 order to dispute any "factual record" presented by the Defendants in
20 their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14
21 (9th Cir. 2003).
22         d.  Defendants shall file a reply brief within
23 fifteen (15) days of the date on which Plaintiff serves them with
24 the opposition.
25         e.  The motion shall be deemed submitted as of the
26 date the reply brief is due.  No hearing will be held on the motion

6

unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

4. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED     *10/05/2011*              _____
                                    THELTON E. HENDERSON
                                    United States District Judge

G:\PRO-SE\TEH\CR.10\Lopez-10-5799-order of service.wpd